IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STANLEY E. ALGEE, No. 05221-025,   )
                                    )
            Petitioner,             )
                                    )
vs.                                 )   CIVIL NO. 11-959-GPM
                                    )
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is denied.

### BACKGROUND

Petitioner was sentenced on April 30, 2001, to a total of 300 months on four counts: conspiracy to distribute crack cocaine, conspiracy to distribute marijuana, possession of a firearm by a felon, and use of a firearm during a drug trafficking offense (Doc. 147, SDIL Case No. 00-40023-GPM). His conviction and sentence were affirmed on direct appeal. *United States v. Algee*, 309 F.3d 1011, 1014-16 (7th Cir. 2002), *cert denied*, 538 U.S. 925 (2003). On February 18, 2004, Petitioner filed a § 2255 motion (Case No. 04-cv-4029-GPM), to vacate, set aside, or correct his sentence. In this initial § 2255 motion, Petitioner alleged that his trial and appellate counsel provided constitutionally ineffective assistance in numerous ways, and claimed that his conviction should be vacated because it was the result of prosecutorial vindictiveness and violated double jeopardy. He also claimed that he was entitled to relief pursuant to *Blakely v. Washington*, 542 U.S.

296 (2004). After the Government responded and Petitioner filed a reply, this Court denied the § 2255 motion on November 1, 2005 (Doc. 23 SDIL Case No. 04-4029-GPM).

Petitioner filed the instant motion under § 2255 on October 26, 2011 (Doc. 1), seeking to challenge his sentence on the basis that the "851 enhancement" was improperly based on two prior convictions that are not felonies under the Controlled Substances Act, pursuant to *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). He also asserts that trial counsel was ineffective for giving him improper advice regarding the effect of those prior convictions on his potential sentence, and for failing to challenge the use of the convictions to enhance his sentence (Doc. 1, pp 4-5). He asserts that he is entitled to a new one-year limitations period to file the instant motion, under § 2255 ¶6(4),[1] because the recent case law he relies on qualifies as "a new factual predicate which could not previously have been discovered" (Doc. 1, p. 11). He argues that under *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), the instant motion should not be considered "second or successive."

#### PENDING MOTION TO AMEND

On June 12, 2012 (Doc. 3), petitioner submitted another § 2255 motion, which the Court has construed as a motion to amend his original pleading. This June 12, 2012, § 2255 motion has not been docketed, pending a decision on whether to grant the motion to amend. The June 12 motion does not include the grounds petitioner raised in the October 26, 2011, motion. Instead, it raises an entirely new ground: that his sentence should be vacated because the Government failed to prove

---

[1] This section is now found under § 2255(f)(4). It provides that the one-year limitations period within which a § 2255 motion must be filed "shall run from the latest of" several alternative dates, one of which is "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

beyond a reasonable doubt that the quantity of cocaine base involved was greater than 50 grams. For this proposition, petitioner cites *DePierre v. United States*, 131 S. Ct. 2225 (2011), claiming that it represents a substantive change in the law made retroactive to cases on collateral review, pursuant to § 2255(f)(3).[2]

If this Court were to accept petitioner's tendered June 12, 2012, motion as an amended pleading, it would supersede the October 26, 2011, § 2255 motion and render it void, such that no consideration would be given to the grounds raised in the October 26 motion. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to pleadings. It does not appear that petitioner intended to abandon the grounds in his October 26 motion so as to proceed only on the grounds presented in the June 12 motion. The Court has wide discretion in determining whether to grant leave to amend a pleading. *Vitrano v. United States*, 643 F.3d 229, 234 (7th Cir. 2011) (citing *Rutledge v. United States*, 230 F.3d 1041, 1051 (7th Cir. 2000); *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Accordingly, petitioner's request to file an amended § 2255 motion (Doc. 3) is **DENIED.**

Even if the Court were to grant leave to amend, the key issue that must be resolved is whether the instant action constitutes a "second or successive" § 2255 motion.

## DISCUSSION

---

[2] § 2255(f)(3) establishes another alternative trigger for calculating the running of the one-year limitations period for filing a motion: "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"

Although district courts have jurisdiction over a prisoner's first § 2255 motion, the ability to pursue a "second or successive" motion is subject to strict limitations:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Thus, generally district courts lack jurisdiction to hear a second or successive motion under § 2255.  *Burton v. Stewart,* 549 U.S. 147, 157 (2007); *Curry v. United States,* 507 F.3d 603, 605 (7th Cir. 2007); *Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001) ("One substantive chance [for a collateral attack] *per judgment* is the norm under § 2255 ¶ 8 and § 2244(b).")  Certain exceptions to the requirement for appellate court pre-certification may apply, such as when a prisoner is resentenced and a new judgment is entered.  *Dahler*, 259 F.3d at 764 (noting that such a new challenge is limited to an attack on the sentence, not the underlying conviction); *see also Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997).

However, no such exception is apparent here.  Petitioner cites *Stewart v. United States*, 646 F.3d 856, 863-64 (11th Cir. 2011), for the proposition that his motion should not be considered "second or successive."  But *Stewart* is inapposite – in that case, the petitioner obtained an order vacating his predicate state convictions after the final adjudication of his first § 2255 motion, thus removing the basis for his enhanced federal sentence.  Because Stewart's claim[3] did not ripen until

---

[3] Stewart's new claim arose pursuant to *United States v. Johnson,* which held that a defendant whose federal sentence was enhanced based on a prior conviction is entitled to a reduction if the earlier conviction is vacated, and must file his § 2255 motion within one year of the date of the judgment vacating the prior conviction.  544 U.S. 295, 303-10 (2005).  The court action vacating the predicate conviction was held to be a "fact" triggering a new one-year filing period under § 2255(f)(4).

his underlying state convictions were vacated, his promptly-filed § 2255 motion was not classified as "second or successive" and was allowed to proceed without prior approval from the appellate court. In contrast, Petitioner here does not assert any change in the facts relevant to his sentencing that might trigger the start of a new filing period under § 2255(f)(4).

Petitioner's first § 2255 motion, which he was allowed to supplement, was fully adjudicated on the merits. Although Petitioner later (in 2008) filed a motion for retroactive application of new sentencing guidelines to his crack cocaine offense (Doc. 180 in criminal case), that motion was denied and no new sentence or judgment of conviction was entered. Thus, his initial § 2255 motion gave him a full, unencumbered opportunity for collateral review, and any subsequent § 2255 motion must meet the requirements of § 2255(h) in order to be considered. *See Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (discussing when a
§ 2255 motion "counts" as a first motion, so as to trigger the application of § 2255(h) to a subsequently filed motion).

Petitioner has not sought certification by a panel of the court of appeals. He instead asserts that this is not a second or successive motion under § 2255, and that the new case (*Carachuri-Rosendo*), which was not available at the time of his appeal or first collateral attack, gives him the opportunity to file a new motion pursuant to § 2255(f)(3) or (4). However, those provisions are inapplicable here. As discussed above, there has been no new factual development or discovery that would allow filing of a new motion pursuant to § 2255(f)(4). And, although Petitioner asserts that he has a cognizable new claim based on case law that did not exist at the time of his previous collateral attack, *Carachuri-Rosendo* does not present a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" so as to trigger the operation of § 2255(f)(3).

The *Carachuri-Rosendo* decision involved a non-citizen's challenge to removal proceedings under the Immigration and Nationality Act, and held that the petitioner had not been "convicted of a felony punishable under the Controlled Substances Act," thus removal was not mandatory. *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2589-90 (U.S. 2010). The Supreme Court in *Carachuri-Rosendo* never expressly stated that its decision represented a newly recognized right, nor did it find that the holding was retroactively applicable to cases on collateral review. Even assuming that this case establishes a new right, petitioner has not identified any decision of another court finding that *Carachuri-Rosendo* should be applied retroactively. Without such a holding, he cannot bring a new § 2255 motion within the parameters of § 2255(f)(3). And finally, even if the *Carachuri-Rosendo* holding were to meet the criteria in § 2255(f)(3), petitioner did not file his October 26, 2011, motion within the one-year period following the June 14, 2010, date of the Supreme Court's opinion.

Petitioner's attempt to raise an ineffectiveness of counsel argument predicated on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), fails for the same reasons. *Padilla* was decided on March 31, 2010, and held that the defendant's attorney was ineffective where he failed to advise his non-citizen client that pleading guilty would subject him to automatic deportation. This may be a "new rule" within the meaning of § 2255(f)(3), but it has nothing to do with the circumstances of petitioner's case.[4]

---

[4] Petitioner's June 12, 2012, motion relied on *DePierre v. United States*, 131 S. Ct. 2225 (2011), which was decided on June 9, 2011. Even if petitioner had filed his new motion within one year of that decision, *DePierre* also has not been made retroactive to cases on collateral review. *See Fields v. United States*, 11-14997 (July 19, 2012, 11th Cir. 2012); *United States v. Crump*, 2012 WL 604140, *2 (W.D. Va. 2012); *Wilson v. United States*, 2011 WL 6308907 at *3 (W.D. La. 2011).

To summarize, no grounds have been established to bring the motion within the purview of 2255(f)(3) or (4); thus it must be considered "second or successive" w/in the meaning of 2255(h). Because petitioner has not obtained leave from the court of appeals to bring the instant action, this Court must dismiss the case for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Should a petitioner appeal a district court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability from the district court or the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). That is true even when the petitioner is appealing from the dismissal of an unauthorized second or successive motion. *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005).

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, the applicant may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1).

For the reasons above, the Court **FINDS** that petitioner has not stated any grounds for relief under § 2255. And the Court finds no basis for believing that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Thus, petitioner has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will **NOT** be issued.

## CONCLUSION

Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 1) is a second or successive motion that the court of appeals has not granted him leave to file; accordingly, the Court **DISMISSES** it **WITH PREJUDICE** for lack of jurisdiction. The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

DATED: August 15, 2012

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge